SHAHIN SHAHIN, trustee,[1] *vs.* I.E.S. INCORPORATED. No. 12-P-1121. May 31, 2013. *Limitations, Statute of. Practice, Civil,* Statute of limitations, Claim barred by short statute of limitations.

This is an appeal from a grant of summary judgment in favor of the defendant, I.E.S. Incorporated (IES), on claims under a contract that were brought by the plaintiff, Shahin Shahin, as trustee of the Hersey Street Properties Realty Trust (collectively, trust). The trust retained IES to conduct environmental testing and other services in connection with the trust's sale of a property in Salem. The contract was mailed by IES to the trust on March 21, 2006, and was signed and dated by the trust on April 27, 2006.[2] The contract included an attachment identified as "Attachment 'B' Statement of Terms and Conditions" (attachment B). Paragraph N of these terms and conditions states: "The [trust] agrees that the [trust] shall bring no claim against IES, Inc., and/or its owners, directors, officers, and employees, later than one (1) year after the date of this contract." The trust contends that IES did not fully perform under the contract and failed to comply with relevant Massachusetts Department of Environmental Protection (DEP) regulations and that this only came to the

---

[1]Of the Hersey Street Properties Realty Trust.

[2]The contract was signed by a prior trustee, Gary Katz.

trust's attention when DEP issued a notice of noncompliance on July 24, 2009. The trust alleged unfair or deceptive practices under G. L. c. 93A, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, breach of contract, and negligence, and it sought a declaratory judgment that the contractual limitations period and a contractual cap on damages did not apply. The Superior Court judge concluded that the initial complaint, which was filed on December 14, 2010, was barred by the contractually-shortened limitations period. The trust appeals.

This case, in which the trust maintains it could not have known about the actions for which it brought suit until after the expiration of the contractual limitations period, is controlled in material respects by the Supreme Judicial Court's recent decision in *Creative Playthings Franchising, Corp.* v. *Reiser*, 463 Mass. 758 (2012), which was decided during the pendency of this appeal, and of which the Superior Court judge consequently did not have the benefit. The court in *Creative Playthings* held that, as a matter of Massachusetts law, a statutory limitations period can be shortened by contract so long as the shortened period is reasonable. *Id.* at 763. It also held that "a contractual limitations provision that did not permit operation of the discovery rule would be unreasonable and, therefore, invalid and unenforceable." *Id.* at 764. See *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 631 (1997) (explaining the discovery rule tolls the statute of limitations "where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit").

The limitations period set out in the contract is one year from the date of the contract, and the contract's language on this point is unambiguous. The limitations period thus expired one year from the date of the contract — regardless of the date of any alleged breach or its discovery. The provision does not permit operation of the discovery rule that the trust seeks to invoke. Under *Creative Playthings*, it is therefore invalid and unenforceable. Paragraph K of attachment B of the contract provides that "[t]he provisions of these Terms and Conditions are severable. The invalidity of any part of these Terms and Conditions shall not invalidate the remainder of these Terms and Conditions nor the remainder of any portion hereof." Consequently, the contractual limitations period must be struck and the statutory limitations applied.

IES argues that even if the one-year contractual limitations period were calculated using the discovery rule, based upon the date the trust has admitted it had actual knowledge of the alleged breach, the suit would still be barred, and that, on that basis, we should affirm even if we find the contractual limitations period invalid. Despite the surface appeal of this argument, the contract unambiguously states that the limitations period runs from the date of the contract, not the date of discovery. Neither party argues that there was any mutual mistake, see *Polaroid Corp.* v. *Travelers Indem. Co.*, 414 Mass. 747, 756 (1993) (where there is mutual mistake, a contract may be reformed by the court to reflect the intent of the parties), nor does IES point to any other source of law that would provide us with authority to rewrite the contract so that the contractual limitations period would begin to run from the date of discovery.

IES also contends that several of the trust's causes of action would be barred under the statutory limitations periods IES argues are applicable. Even

if IES is correct about the limitations periods that apply to each of those claims, something we do not decide, its argument depends on an assertion about the latest date on which the trust should have discovered it was harmed by IES's actions. This, however, is a disputed question of fact. Consequently, summary judgment on those claims is not appropriate.[3]

While we express *no opinion of the ultimate merits of the suit*, the summary judgment must be vacated and the case remanded for further proceedings.

*So ordered.*

*Carmen A. Frattaroli* for the plaintiff.
*Louis Kroon, II*, for the defendant.

---

[3] IES's final claim, that the trust's amended complaint, filed one year after the filing of its initial complaint, is barred by laches, is also unavailing. A motion to amend is directed to the sound discretion of the trial judge, "but leave should be granted unless there are good reasons for denying the motion." *Mathis* v. *Massachusetts Elec. Co.*, 409 Mass. 256, 264 (1991). Even assuming the statutory limitations period on one or more claims expired between the filing of the original complaint and the amended complaint, something we do not decide, given the liberality of the statutory rules governing the amendment of complaints pursuant to Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), see G. L. c. 231, § 51, the judge did not abuse his discretion in allowing the amendment.

